UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNIL K. SABHARWAL,

       Plaintiff,                      CIVIL ACTION NO. 11-13138

      v.                                  DISTRICT JUDGE SEAN F. COX

CHASE MORTGAGE BANK, ET AL,     MAGISTRATE JUDGE MARK A. RANDON

       Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
JP MORGAN CHASE BANK N.A.'S MOTION TO DISMISS (DKT. NO. 7)**

      This is a consumer lending action. Proceeding *pro se*, Plaintiff Sunil Sabharwal challenges several alleged lending improprieties and the subsequent mortgage foreclosure of his home in Rochester Hills, Michigan ("the Property"). Defendant JP Morgan Chase Bank, N.A.'s motion to dismiss is pending (Dkt. No. 7). Judge Sean Cox referred the motion to this Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B) (Dkt. No. 11).

      Defendant's primary ground for dismissal is that Plaintiff lacks standing to challenge any claims with respect to the Property because the statutory redemption period expired nearly eight months *before* he filed this lawsuit. Plaintiff did not respond to Defendant's motion and failed to appear for the hearing, despite the Court's directive to do so (Dkt. No. 12). Notwithstanding this lack of opposition, because Plaintiff lacks standing to challenge the foreclosure, **IT IS**

**RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

## I. FACTS

On May 14, 2004 Plaintiff obtained a $150,000.00 loan (the "Loan") from Chase Manhattan Mortgage Corporation ("the Original Lender"), which was later serviced by Chase Home Finance LLC ("CHF").[1] Plaintiff executed a promissory note and granted the Original Lender a mortgage on the Property as security for the Loan.

Plaintiff defaulted on the Loan and CHF commenced foreclosure by advertisement of the Property. After a Sheriff's sale of the Property, the redemption period expired on October 27, 2010. Inexplicably, Plaintiff waited until June 22, 2011 – eight months post-redemption expiration – to file this suit. Plaintiff does not allege that, before filing suit, he sought to stay the Sheriff's sale or to redeem the Property.

Plaintiff's Complaint alleges multiple unspecified claims which include: deception (in inducing Plaintiff to enter into a mortgage and second mortgage); failure to keep a loan-modification promise; failure to advise Plaintiff of proper interest rates and fees; failure to serve Plaintiff with foreclosure notices while he was out of town; and invasion of privacy (Dkt. No. 1, Ex. 2). He seeks unspecified statutory relief, monetary damages, restitution (for lost employment, credit denials, over-charged fees, embarrassment, etc.), and an injunction against the eviction action pending in the 52-3 District Court of the State of Michigan.

---

[1] Defendant JP Morgan Chase Bank, N.A. is successor by merger to CHF.

## II.  ANALYSIS

### A.  Motion To Dismiss Standard

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b) (6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  To survive a Rule 12(b)(6) motion for dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (citing *Bell Atlantic*, 550 U.S. at 555).

### B.  Defendant's Unopposed Motion To Dismiss Should Be Granted

Plaintiff failed to file a response to Defendant's motion to dismiss, despite the Court's directive to do so (Dkt. No. 12).  Plaintiff also failed to appear at the hearing on Defendant's motion to dismiss.  Thus, this motion is unopposed. The local court rules in the Eastern District of Michigan (as amended effective March 1, 2010) required Plaintiff to file a response if he wished to oppose Defendant's motion to dismiss.  *See* E.D. Mich. LR 7.1(c)(1) ( "[a] respondent

opposing a motion must file a response, including a brief and supporting documents then available"); E.D. Mich. LR 7.1(e)(1)(B) ("[a] response to a dispositive motion must be filed within 21 days after service of the motion"). "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 Fed. App'x. 328, 331 (6th Cir. 2008), quoting *Scott v. State of Tennessee*, No. 88–6095, 1989 WL 72470 at *2 (6th Cir. July 3, 1989) (granting the defendants' unopposed motion to dismiss) *see also, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("[f]ailure to follow a district court's local rules is a proper ground for dismissal); *McKinzy v. Unified Government of Wyandotte County/Kansas City, KS*, No. 09–2199–EFM–DWB, 2010 WL 2719852 at *2 (D.Kan. July 8, 2010) (court could grant the defendants' unopposed motion to dismiss and for sanctions "with little further consideration" where the plaintiff failed to file a responsive brief as required by the local court rules); *Zayed v. United States*, 221 F.Supp.2d 813, 815 FN1 (N.D. Ohio 2002) (court is within its discretion to consider the defendant's motion to dismiss as unopposed due to the plaintiff's lack of a timely response under the local court rule, observing that "these motions are often granted"). The fact that Plaintiff is proceeding *pro se* does not absolve him of the responsibility to oppose Defendant's motion to dismiss. *See Frailing v. Marquette Gen. Hosp., Inc.*, No. 2:05-cv-290, 2007 WL 1202385, *2 (W.D. Mich. Apr.23, 2007) (Edgar, Sr. J.) (granting the defendant's unopposed motion to dismiss and also dismissing for lack of prosecution, stating, "[t]his Court understands that Plaintiff is representing herself *pro se* in this action; however, her status does not give her leave to ignore the Federal Rules of Civil Procedure ....").

Notwithstanding Plaintiff's complete lack of opposition to the motion to dismiss, Defendant's primary legal argument presented in that motion – Plaintiff's lack of standing – is well-taken.

### C. Plaintiff Lacks Standing to Sue

Plaintiff's claims fail because – once the redemption period following foreclosure of a property has expired – the former owner's rights in and title to the property are extinguished. At that point, the former owner loses standing to assert claims with respect to the property. Indeed, in *Piotrowski v. State Land Office Board*, 302 Mich. 179 (1942), the Michigan Supreme Court held that the mortgagors: (1) had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption;" and (2) could not assert the right of parties "having an interest in the land" to meet the highest bid at the scavenger sale. *Id*. at 185. The standard under *Piotrowski* has been applied by Michigan courts, and by federal courts applying Michigan law, to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See Stein v. U.S. Bancorp*, 2011 WL 740537 (E.D. Mich. Feb. 24, 2011); *Overton v. Mortg. Elec. Registration Sys*., 2009 WL 1507342 (Mich. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period expired one month after litigation was initiated); *see also, e.g., Moriarty v. BNC Mortg., Inc*., 2010 WL 5173830 (E.D. Mich. Dec.15, 2010) (dismissing action for declaratory judgment voiding foreclosure proceedings). As the Michigan Court of Appeals explained in *Overton*:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow

> an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. (Citations omitted).

*Overton*, 2009 WL 1507342 at * 1.  In this case, Plaintiff similarly failed to seek a stay of or challenge the foreclosure proceedings conducted by CHF but, unlike *Overton*, waited months *after* the expiration of the redemption period to file suit.  Thus, as in *Overton*, once the redemption period expired on October 27, 2010, Plaintiff lost standing to assert defects in the foreclosure proceedings, Sheriff's sale, or any other claims with respect to the foreclosed property.  This lack of standing precludes all counts of Plaintiff's Complaint (including his requests for injunctive relief) and requires dismissal of this lawsuit with prejudice.  It also renders consideration of Defendant's alternate grounds for dismissal unnecessary.

### III.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that JPMorgan's motion to dismiss be **GRANTED**, and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: March 7, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, March 7, 2012, by electronic and/or ordinary mail.*

*S/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*